

July 16, 2024

**VIA ECF**

Patricia S. Dodszuweit
Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Re: Public Interest Legal Foundation v. Schmidt, et al. – Nos. 23-1590 & 23-1591

Dear Ms. Dodszuweit:

Pursuant to Fed. R. App. P. 28(j), on behalf of Appellants/Cross-Appellees Secretary of the Commonwealth Al Schmidt and Deputy Secretary for Elections and Commissions Jonathan M. Marks (collectively, "Commonwealth"), I write to advise the Court of recent U.S. Supreme Court authority relevant to the Commonwealth's standing challenge at pp. 22-25 of its First Step Brief and pp. 7-9 of its Third Step Brief, and also to Appellee/Cross-Appellant Public Interest Legal Foundation's argument at pages 26-27 of its Second Step Brief that its mission and expenses confer standing.

In *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024), the Court held that pro-life medical associations and individual doctors lacked Article III standing to challenge the FDA's decision to modify regulatory requirements for an abortion drug. The associations argued that the FDA's actions "'impaired' their 'ability to provide services and achieve their organizational missions,'" but the Court found that this "argument does not work to demonstrate standing." *Id.* at 394. "[A]n organization may not establish standing simply based on the 'intensity of the litigant's interest' or because of strong opposition to the government's conduct. . . . A plaintiff must show 'far more than simply a setback to the organization's abstract social interests.'" *Id.* (citations omitted). The Court further held that it is not sufficient for the associations to have incurred costs opposing the FDA's actions. The Court stated that "an organization that has not suffered a concrete injury caused by a defendant's action cannot spend its way into standing simply by expending money to gather information and advocate against the defendant's action. An organization cannot manufacture its own standing in that way." *Id.* Finally, the Court rejected the associations' argument that, if they do not have standing, then no one would have standing to challenge the FDA's actions. *Id.* at 396. "[T]his Court has long rejected that kind of 'if not us, who?' argument as a basis for standing." *Id.*

Sincerely,

Daniel T. Brier

DTB:cak

240 North Third Street, 5th Floor
Harrisburg, PA 17101
P: 717-553-6251

425 Biden Street, Suite 200
Scranton, PA 18503
P: 570-342-6100 • F: 570-342-6147

585 East Swedesford Road, Suite 102
Wayne, PA 19087
P: 215-644-8388

www.mbklaw.com