Nos. 23-1590, 23-1591, and 23-3045

IN THE

# United States Court of Appeals
## for the Third Circuit

AL SCHMIDT, in his official capacity as Acting Secretary of the Commonwealth of Pennsylvania, and JONATHAN M. MARKS, in his official capacity as Deputy Secretary for Elections and Commissions

*Defendants-Appellants/Cross-Appellees*,

v.

PUBLIC INTEREST LEGAL FOUNDATION, INC.,

*Plaintiff-Appellee/Cross-Appellant*,

**On Appeal from the United States District Court for the Middle District of Pennsylvania, Case No. 1:19-cv-00622 (Hon. Jennifer P. Wilson)**

## APPELLEE/CROSS-APPELLANT
## PUBLIC INTEREST LEGAL FOUNDATION'S
## <u>PETITION FOR REHEARING EN BANC</u>

Noel H. Johnson
Kaylan L. Phillips
Public Interest Legal Foundation, Inc.
107 S. West Street, Ste 700
Alexandria, VA 22314
(703) 745-5870
njohnson@PublicInterestLegal.org
kphillips@PublicInterestLegal.org

Linda A. Kerns, Esquire
LAW OFFICES OF LINDA A. KERNS, LLC
1420 Locust Street – Suite 200
Philadelphia, PA 19102
PA Atty ID 84495
Tel: (215) 731-1400
Fax: (215) 701-4154
linda@lindakernslaw.com

## **CORPORATE DISCLOSURE STATEMENT**

The Public Interest Legal Foundation, Inc. is a non-profit, 501(c)(3) organization. It is not a publicly held corporation and no corporation or other publicly held entity owns more than 10% of its stock.

# **TABLE OF CONTENTS**

STATEMENT OF COUNSEL ................................................................. 1

ARGUMENT ........................................................................................ 2

   I.   The Panel Decision Conflicts with Supreme Court Decisions
       Establishing the Standing Framework for Public Records Laws ............. 2

      A. Standing in a Public Records Case Requires Nothing More
          Than a Request and a Denial ............................................................. 2

         i.   The Freedom of Information Act Framework Controls
             the Standing Inquiry ..................................................................... 2

         ii.  FOIA's Simple Standing Framework Applies to Other Public
             Records Laws ................................................................................. 4

         iii. Lower Courts Understand that FOIA's Simple Standing
             Framework Applies to the NVRA ................................................. 5

      B. *Akins* Rejects the Nexus, or Use, Requirement ................................ 7

      C. The *TransUnion* Court Explicitly Distinguished Public
         Records Law Cases ............................................................................ 8

  II.   The Panel Decision Created a Conflict with Another Circuit Court,
       and Consequently, an Issue of Exceptional Importance ........................ 11

  III.  This Case Involves a Matter of Exceptional Importance: Voting
       Rights ...................................................................................................... 12

CONCLUSION ...................................................................................... 13

CERTIFICATE OF BAR MEMBERSHIP .............................................. 14

CERTIFICATE OF COMPLIANCE AND VIRUS SCAN CERTIFICATION ... 15

CERTIFICATE OF SERVICE ............................................................... 16

# TABLE OF AUTHORITIES

*Cases*

*FEC v. Akins*,
 524 U.S. 11 (1998)....................................................... 1, 4-12

*Havens Realty Corp. v. Coleman*,
 455 U.S. 363 (1982)......................................................... 5, 11

*Judicial Watch, Inc. v. King*,
 993 F.Supp.2d 919 (S.D. Ind. 2012),........................................ 6

*Laufer v. Naranda Hotels, LLC*,
 60 F.4th 156 (4th Cir. 2023) .................................... 1, 7, 11

*Pa. Dep't of Pub. Welfare v. United States*,
 Civil Action No. 99-175 (W.D. Pa. Feb. 7, 2001) ............................ 3

*Project Vote/Voting for Am., Inc. v. Long*,
 752 F. Supp. 2d 697 (E.D. Va. 2010) .................................. 5

*Pub. Citizen v. United States Dep't of Just.*,
 491 U.S. 440 (1989)....................................................1, 3-4, 6-12

*Pub. Interest Legal Found. v. Bennett*,
 No. H-18-0981 (S.D. Tex., Feb. 6, 2019) ........................................ 6

*Pub. Interest Legal Found., Inc. v. Bennett*,
 No. 4:18-CV-00981 (S.D. Tex., Mar. 11, 2019) ............................ 6

*Pub. Interest Legal Found. v. Boockvar*,
 370 F. Supp. 3d 449 (M.D. Pa. 2019) ................................. 6

*Spokeo, Inc. v. Robins*,
 578 U.S. 330 (2016)....................................................... 6

*TransUnion LLC v. Ramirez*,
 594 U.S. 413 (2021)....................................................8-9, 11

*Zivotofsky v. Sec'y of State*,
 444 F.3d 614 (D.C. Cir. 2006) ......................................... 3

*Statutes*

52 U.S.C. § 20507(i)(1) ............................................... 2 n.2, 5, 12

**_Rules_**

3d Cir. L.A.R. 46.1(e) (2011) ................................................................ 14

Fed R. App. P. 40(d)(3)(A) ................................................................... 15

Fed R. App. P. 32(a)(5)(A) ................................................................... 15

Fed R. App. P. 32(f) ............................................................................. 15

**_Other Sources_**

Pennsylvania Auditor General, Performance Audit Report
https://www.paauditor.gov/Media/Default/Reports/Department%20of%20State_S
URE%20Audit%20Report%2012-19-19.pdf .................................................. 2 n.1

## <u>STATEMENT OF COUNSEL</u>

I express a belief, based on a reasoned and studied professional judgment, that the panel decision is contrary to decisions of the Supreme Court of the United States, and that consideration by the full court is necessary to secure and maintain uniformity of decisions in this court, *i.e.*, the panel's decision is contrary to decisions of the Supreme Court establishing the standing framework for the Freedom of Information Act and other public records laws, *e.g., Pub. Citizen v. United States Dep't of Just.*, 491 U.S. 440 (1989) and *FEC v. Akins*, 524 U.S. 11 (1998), and creates a conflict with Fourth Circuit precedent, *Laufer v. Naranda Hotels, LLC*, 60 F.4th 156 (4th Cir. 2023) (rejecting the need to plead *additional harm* beyond the denial of public information).

This appeal also involves a question of exceptional importance, *i.e.*, who has standing under the National Voter Registration Act of 1993 ("NVRA"), a federal voting rights statute.

**ARGUMENT**

The panel decision means voter registration mistakes, malfeasance, and even discrimination will stay hidden. In this case, it means 11,000 Pennsylvania voters are left wondering why their government questioned their voting rights on the advice of an unidentified consultant.[1] Congress made "all" voter list maintenance records public[2] to prevent what the panel decision allows. Yet these catastrophic consequences will occur because the panel misapplied the standing rules for public records cases. If a voting rights organization like the Foundation does not have standing here, then virtually no one does, and the transparency Congress intended does not exist.

---

[1] An Auditor General report describes this mystery person as a "tenured Associate Professor of Political Science," because the Secretary would not reveal his or her identity, even to state investigators. *See* Performance Audit Report at 162 https://www.paauditor.gov/Media/Default/Reports/Department%20of%20State_S URE%20Audit%20Report%2012-19-19.pdf (last accessed May 30, 2025).

[2] 52 U.S.C. § 20507(i)(1).

I.    **The Panel Decision Conflicts with Supreme Court Decisions Establishing the Standing Framework for Public Records Laws.**

   A. **Standing in a Public Records Case Requires Nothing More Than a Request and a Denial.**

      i.  **The Freedom of Information Act Framework Controls the Standing Inquiry.**

The controlling standing framework originates with the federal Freedom of Information Act ("FOIA"). Nearly thirty-six years ago, the Supreme Court confirmed that its "decisions interpreting the Freedom of Information Act have never suggested that those requesting information under it need show more than that they sought and were denied specific agency records." *Pub. Citizen*, 491 U.S. at 449 (collecting cases). This simple standing framework was "perfectly clear." *Pa. Dep't of Pub. Welfare v. United States*, Civil Action No. 99-175, 2001 U.S. Dist. LEXIS 3492, at *63 (W.D. Pa. Feb. 7, 2001). "Anyone whose request for specific information has been denied has standing to bring an action; the requester's circumstances—why he wants the information, what he plans to do with it, what harm he suffered from the failure to disclose—are irrelevant to his standing." *Zivotofsky v. Sec'y of State*, 444 F.3d 614, 617 (D.C. Cir. 2006) (citing *Public Citizen*, 491 U.S. at 449).

3

### ii. FOIA's Simple Standing Framework Applies to Other Public Records Laws.

In *Public Citizen v. United States Department of Justice*, the Supreme Court held that FOIA's standing framework applies to the Federal Advisory Committee Act ("FACA"), a law that, like the NVRA, contains a public disclosure requirement. 491 U.S. at 446-47. Reciting the standing requirements in FOIA cases, the Supreme Court explained, "There is no reason for a different rule here." *Id*. at 449. "As when an agency denies requests for information under the Freedom of Information Act, refusal to permit appellants to scrutinize the ABA Committee's activities to the extent FACA allows constitutes a sufficiently distinct injury to provide standing to sue." *Id*.

In *FEC v. Akins*, the Supreme Court held that FOIA's standing framework applies to the Federal Election Campaign Act of 1971 ("FECA"), a law that, like the NVRA, contains a public disclosure requirement, 524 U.S. at 11, 14-16 (1998). Citing *Public Citizen*, the Supreme Court explained, "[T]his Court has previously held that a plaintiff suffers an 'injury in fact' when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute." *Akins*, 524 U.S. at 21 (citing *Public Citizen*, 491 U.S. at 449). Applying that standard to the case before it, the Court continued, "The 'injury in fact' that respondents have suffered consists of their inability to obtain information … that, on respondents'

4

view of the law, the statute requires that [the subject of the FECA complaint] make public." *Id*. at 21. The *Akins* Court also cited *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), a Fair Housing Act case, in which the Supreme Court applied the same standard, concluding that the "deprivation of information about housing availability constitutes 'specific injury' permitting standing," *Akins*, 524 U.S. at 21.

### iii. Lower Courts Understand that FOIA's Simple Standing Framework Applies to the NVRA.

Upon these Supreme Court decisions, lower courts, including the District Court, have applied FOIA's simple standing framework to the NVRA's Public Disclosure Provision, 52 U.S.C. § 20507(i)(1).

First, the Eastern District of Virginia explained that "[f]or a plaintiff to sufficiently allege an informational injury, it must first allege that the statute confers upon it an individual right to information, and then that the defendant caused a concrete injury to the plaintiff in violation of that right." *Project Vote/Voting for Am., Inc. v. Long*, 752 F. Supp. 2d 697, 702 (E.D. Va. 2010). The court first recognized that "the NVRA provides a public right to information." *Id*. at 703. Where there is "no dispute that the plaintiff has been unable to obtain the [r]equested [r]ecords, … the plaintiff's alleged informational injury is sufficient to survive a motion to dismiss for lack of standing." *Id*. at 703-04.

For similar reasons, the Southern District of Texas ruled that the Foundation had standing to compel record production under the NVRA. *Pub. Interest Legal Found. v. Bennett*, No. H-18-0981, 2019 U.S. Dist. LEXIS 39723, at *8-*10 (S.D. Tex., Feb. 6, 2019) (denying motion to dismiss), *adopted by Pub. Interest Legal Found., Inc. v. Bennett*, No. 4:18-CV-00981, 2019 U.S. Dist. LEXIS 38686 (S.D. Tex., Mar. 11, 2019).

The Southern District of Indiana even declared that a standing challenge under the Public Disclosure Provision would be facially invalid, explaining, "With regard to the [NVRA] Records Claim, the Defendants do not—and cannot—assert that the Plaintiffs lack standing." *Judicial Watch, Inc. v. King*, 993 F. Supp. 2d 919, 923 (S.D. Ind. 2012) (citing *Akins*, 524 U.S. at 24-25).

In this case, the District Court similarly held that the Foundation has standing, citing *Public Citizen* and *Akins*, and a more recent Supreme Court decision, *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016). *Pub. Interest Legal Found. v. Boockvar*, 370 F. Supp. 3d 449, 454-56 (M.D. Pa. 2019).

The District Court got it right because under *Public Citizen* and *Akins*, "a plaintiff suffers an 'injury in fact' when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute." *Akins*, 524 U.S. at 21 (citing *Public Citizen*, 491 U.S. at 449). There is no dispute that the Foundation has

6

failed to obtain information requested under NVRA Section 8(i). Thus, that

predicate "injury in fact" confers standing upon the Foundation.

**B. *Akins* Rejects the Nexus or Use Requirement.**

The panel decision also conflicts with Supreme Court precedent that rejects

the need for a nexus or use requirement. (*See* Doc. 94 at 15-16 (requiring the

Foundation to show that the denial of records "led to adverse effects or other

downstream consequences, *and such consequences have a nexus to the interest*

*Congress sought to protect*" (emphasis in original).)

In *Akins*, the dissenting Justices argued that the plaintiffs must show a

logical nexus between their status and the claim asserted. *See Akins*, 524 U.S. at

22. The majority disagreed, explaining that, "the 'logical nexus' inquiry is not

relevant" where the statute protects plaintiffs from "failing to receive particular

information[.]" *Id*. The same is true with the NVRA and therefore no "nexus" must

be shown.

What about the Supreme Court's statements concerning the plaintiffs'

intended uses for the requested records? The Fourth Circuit provides the answer:

"[A]lthough the plaintiffs in *Public Citizen* and *Akins* thereafter asserted uses for

the information they sought, those asserted uses were not a factor in the *Public*

*Citizen* and *Akins* Article III standing analyses." *Laufer*, 60 F.4th at 170. This

makes sense because any "use" requirement cannot coexist with the Supreme Court's standard: "[A] plaintiff suffers an 'injury in fact' when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute." *Akins*, 524 U.S. at 21 (citing *Public Citizen*, 491 U.S. at 449).

### C. The *TransUnion* Court Explicitly Distinguished Public Records Cases.

*TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021) is a credit reporting case, not a public records case. The plaintiffs sued a private credit reporting agency, TransUnion LLC, for violations of the Fair Credit Reporting Act ("FCRA"). *TransUnion*, 594 U.S. at 417-18. Among other things, the plaintiffs "complained about formatting defects in certain mailings sent to them by TransUnion." *Id.* at 418. What were the formatting defects? The plaintiffs received all the information required by the FCRA, but received it in two separate mailings, when it should have been sent in one mailing. *See id*. at 440-441. "In support of standing, the plaintiffs thus contend[ed] that the TransUnion mailings were formatted incorrectly and deprived them of their right to receive information in the format required by statute." *Id*. at 440.

The United States, as *amicus curiae*, argued that the plaintiffs had standing under *Public Citizen* and *Akins*. *Id*. at 441. The Supreme Court held that those cases "do not control" because they "involved denial of information subject to

8

public-disclosure or sunshine laws that entitle all members of the public to certain information." *Id*. "This case does not involve such a public-disclosure law." *Id*. To be sure, *TransUnion* involved the FCRA, a law that regulates private parties, not the government. The injury in *TransUnion* was fundamentally different than with public disclosure and sunshine laws. "The plaintiffs did not allege that they failed to receive any required information. They argued only that they received it *in the wrong format*." *Id*. (emphasis in original). Only after distinguishing *Public Citizen* and *Akins* as cases that "involved denial of information subject to public-disclosure or sunshine laws that entitle all members of the public to certain information," did the Supreme Court add, "[m]oreover, the plaintiffs have identified no 'downstream consequences' from failing to receive the required information." *Id*. at 442.

The conclusion is this: where plaintiffs allege that they "failed to receive information" under a public disclosure or sunshine law, the standing inquiry is controlled by *Public Citizen* and *Akins*. Where plaintiffs allege that they received information but received it in the *wrong format*—as in *TransUnion*—plaintiffs must allege some additional harm caused by the formatting error. Only the latter is "bare procedural violation," which requires plaintiffs to allege "downstream consequences." *Id*. at 440.

9

The panel nevertheless decided that the Foundation must show "downstream consequences" because "the NVRA targets an objective much broader and more expansive than access to records." (Doc. 94 at 15.) The same was true in *Public Citizen* and *Akins*, and yet the Supreme Court held the plaintiffs had standing simply because they sought and were denied records.

*Public Citizen* involved FACA, a statute with a much broader purpose than transparency.

> [FACA's] purpose was to ensure that new advisory committees be established only when essential and that their number be minimized; that they be terminated when they have outlived their usefulness; that their creation, operation, and duration be subject to uniform standards and procedures; that Congress and the public remain apprised of their existence, activities, and cost; and that their work be exclusively advisory in nature.

491 U.S. at 446. This broader purpose did not matter for standing purposes.

*Akins* involved FECA, a statute that "seeks to remedy any actual or perceived corruption of the political process" by, among other things, imposing "limits upon the amounts that individuals, corporations, 'political committees' (including political action committees), and political parties can contribute to a candidate for federal political office." 524 U.S. 11 at 14. This broader purpose did not matter for standing purposes.

10

Therefore, the NVRA cannot be distinguished on the grounds that it requires disclosure as part of a broader statutory scheme. (Doc. 94 at 15.)

## II.    The Panel Decision Created a Conflict with Another Circuit Court, and Consequently, an Issue of Exceptional Importance.

Because the panel decision conflicts with Fourth Circuit precedent, someone's rights under a federal voting law now depend on the area of the country in which the person resides. Such an exceptionally important issue requires the *en banc* Court's attention.

The Fourth Circuit in *Laufer v. Naranda Hotels* rejected the argument that Article III requires plaintiffs to demonstrate downstream consequences when they are denied public information. 60 F.4th at 172. To the contrary, "*Havens Realty*, *Public Citizen*, and *Akins* are clear that a plaintiff need not show a use for the information being sought in order to establish an injury in fact in satisfaction of the first *Lujan* element." *Id.* Why not? Because "the informational injuries in *Public Citizen* and *Akins* (the 'fail[ure] to receive *any* required information')" are distinguishable "from the purported informational injury [in *TransUnion*] (receipt of the required information '*in the wrong format*')." *Id.* at 170 (quoting *TransUnion*, 594 U.S. at 441 (first emphasis added)). Therefore, "any use requirement is limited to the type of informational injury at issue in *TransUnion*

11

and does not extend to the type of informational injury presented in *Public Citizen* and *Akins*." *Id*. at 170.

This case presents the type of informational injury at issue in *Public Citizen* and *Akins*—the failure to receive *any* required information. Because the Foundation failed to receive records under NVRA Section 8(i), the Foundation has suffered an actionable informational injury.

### III.    This Case Involves a Matter of Exceptional Importance: Voting Rights.

The Foundation requested records in this case to scrutinize a decades-long debacle that jeopardized voting rights. Along the way, the Commonwealth questioned the voting rights of thousands of registered voters. Congress designed the NVRA to shine a light on circumstances just like these. Indeed, the NVRA gives everyone the right to physically inspect "all records" concerning the maintenance of voter registration records. 52 U.S.C. § 20507(i)(1). But not anymore. The panel decision sets an almost impossible subjective standard. It allows election officials to demand to know "why" transparency is needed, and then to evaluate whether someone asking for public information has a good reason to see it. That is not what Section 8(i) says or what Congress intended. If the Foundation does not have standing to compel disclosure of records in this case, then the transparency Congress intended is dead. *See Public Citizen*, 491 U.S. at

12

449 (finding plaintiffs have standing where plaintiffs sought "access to the ABA

Committee's meetings and records in order to monitor its workings").

## CONCLUSION

For these reasons, the *en banc* Court should vacate the panel decision, and to

the extent necessary, overrule any Circuit precedent inconsistent with Supreme

Court precedent.


Dated: May 30, 2025.

Respectfully submitted,

For the Plaintiff Public Interest Legal Foundation:

Linda A. Kerns, Esquire
LAW OFFICES OF LINDA A. KERNS, LLC
1420 Locust Street – Suite 200
Philadelphia, PA 19102
PA Atty ID 84495
Tel: (215) 731-1400
Fax: (215) 701-4154
linda@lindakernslaw.com


  /s/ Noel H. Johnson
Noel H. Johnson (Wis. Bar # 1068004)
Kaylan L. Phillips (In. Bar #30405-84)
Attorneys for Public Interest Legal Foundation, Inc.
107 S. West Street, Ste. 700
Alexandria, VA 22314
(703) 745-5870
njohnson@PublicInterestLegal.org
kphillips@PublicInterestLegal.org

## <u>CERTIFICATE OF BAR MEMBERSHIP</u>

Pursuant to Circuit Rule 46.1(e), I certify that I am a member in good

standing of the bar of the United States Court of Appeals for the Third Circuit.


    /s/ Noel H. Johnson
Noel H. Johnson
Counsel for Public Interest Legal Foundation

Dated: May 30, 2025.

14

## CERTIFICATE OF COMPLIANCE AND
## <u>VIRUS SCAN CERTIFICATION</u>

I, Noel H. Johnson, certify the following:

1.      This brief complies with the type-volume limits of Fed R. App. P. 40(d)(3)(A) because, excluding the parts of the brief exempted by Rule 32(f), this brief contains 2,476 words.

2.      This brief also complies with the typeface requirements Fed. R. App. P. 32(a)(5)(A) because this brief has been prepared in a proportionally space type face using Microsoft Word in 14-point Times New Roman.

3.      The text of the electronic and hard copies of this brief are identical; and,

4.      A virus scan was run on the electronic version of this brief using Bitdefender, which detected no viruses.


  /s/ Noel H. Johnson
Noel H. Johnson
Counsel for Public Interest Legal Foundation

Dated: May 30, 2025.

15

# CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2025, I electronically filed the foregoing using the Court's ECF system, which will serve notice on all parties.

 /s/ Noel. H Johnson
Noel H. Johnson
njohnson@publicinterestlegal.org